IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nether Providence Township : 
                                           : No. 552 C.D. 2015
           v.                              : 
                                           : Argued: October 5, 2015
David Coletta,                             : 
                    Appellant              : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE McCULLOUGH                                    FILED: January 5, 2016


           David Coletta (Coletta) appeals from the March 6, 2015 order of the
Court of Common Pleas of Delaware County (trial court), which denied his motion
to dissolve or modify a preliminary injunction.


**Facts and Procedural History**

           Coletta is the owner of improved property located at 316 South
Providence Road, Wallingford, Pennsylvania (the Property). On October 10, 2010,
Nether Providence Township (Township) received a report of a fallen tree on
Coletta's house. (Reproduced Record (R.R.) at 44-45.) Shortly thereafter, the
Township Engineer and the Building Code Official each inspected the residence
and determined that it was unsafe for habitation because there was imminent
danger of the building's collapse. The Township notified Coletta of this finding
and condemned the structure until such time as Coletta retained a professional to

declare it safe to occupy or prescribed corrective methods necessary to make it safe and those methods were carried out to the satisfaction of the Township's Code Enforcement Office. (R.R. at 4-6.)

On March 19, 2011, Coletta received delivery of modular home components at the Property. Coletta assembled the modular home, attached utilities, and moved into the home with his three minor children without permits, inspection, or an occupancy certificate. (R.R. at 8-10.)

On March 22, 2011, the Township notified Coletta that the modular home violated Township codes and that citations would be issued each day that the Property remained in violation. Coletta did not comply with the Township's directives; although he received numerous citations for the continued violations, he continued to occupy the modular home. Subsequently, the Township presented the citations to a magisterial district judge and, after a full hearing was conducted, Coletta was found guilty of eleven citations resulting from the lack of repair to the residence and the placing of an illegal modular home on the Property. Coletta filed a timely appeal to the trial court. (R.R. at 1-10, 144, 173-75.)

By order dated September 30, 2011, the trial court adopted the parties' stipulation in which Coletta and the Township agreed that: within five days, Coletta would allow Township employees access to the modular home and primary dwelling for purposes of inspection; within thirty days, Coletta would file all the necessary permits regarding the construction and maintenance of the modular home; and, within sixty days, Coletta would submit a written plan setting forth the work to be performed on the primary dwelling and a timeline for its completion. The stipulation order also provided that, if Coletta failed to comply with the

agreement, the Township would issue additional citations and seek injunctive relief. (R.R. at 172-73.)

On April 12, 2012, the Township filed a complaint, alleging that Coletta was still residing in the modular home without an occupancy certificate and failed to repair the dwelling at the Property in violation of Township codes. The Township requested damages and injunctive relief enjoining Coletta from occupying the modular home until an occupancy certificate is issued and from using the Property until the damage to the dwelling is repaired. On that same date, the Township filed a petition for preliminary injunction, arguing that it had no available remedy at law because Coletta had taken no action to comply with the trial court's stipulation order. (R.R. at 11-12, 133.) Coletta filed preliminary objections to the complaint and a response to the petition, arguing that the Township failed to establish the necessary elements for a preliminary injunction. (R.R. at 15-18.) After two days of hearings, the trial court entered an order on June 27, 2012, directing Coletta to immediately vacate the Property and enjoining him from using, occupying, or living at the premises. (R.R. at 99.) Coletta appealed that order to the Superior Court, and thereafter transferred his appeal to this Court, which discontinued his action for failure to pay the filing fee. (R.R. at 114-15.)

On several instances, both parties moved to modify the injunction. By order dated January 31, 2013, the trial court granted Coletta's emergency petition to modify the preliminary injunction to permit him to access the Property for a twenty-four-hour period to retrieve personal belongings. The preliminary injunction resumed at the conclusion of the twenty-four-hour period. (Supplemental Reproduced Record (S.R.R.) at 1.)

3

By order dated March 28, 2013, the trial court granted Coletta's emergency petition to modify the preliminary injunction to allow him, his counsel, and insurance adjusters to access the Property for insurance inspection and appraisal purposes. The preliminary injunction resumed at the conclusion of the appraisal and inspection but no later than April 1, 2013. (R.R. at 129-30.)

By order dated August 7, 2013, the trial court granted the Township's emergency motion for modification of preliminary injunction to allow the Township to remove an unauthorized dumpster from the Property. (R.R. at 136-37.)

On August 7, 2014, the Township filed an emergency motion for modification of the preliminary injunction. The Township asserted that the grass at the Property constituted a hazard because it was exceedingly high and invited rodents and vermin to the Property, as well as to neighboring properties. The Township stated that Coletta allowed the Property to deteriorate so significantly that the damaged structure constituted an attractive nuisance. Moreover, the Township asserted that it previously cited Coletta and alerted him through counsel of the condition of the grass, but Coletta did not respond and has not engaged anyone to remedy the condition of the Property or requested relief from the injunction so he could do so himself. The Township requested that the trial court modify the injunction to allow the Township to perform grass cutting and weed removal, inspect the damaged structure, and take such action from time to time as may be necessary to remedy the existing nuisance and prevent a nuisance from arising in the future. (R.R. at 178.) Coletta did not file an answer to this motion.

By order dated September 2, 2014, the trial court granted the Township's emergency motion for modification of the injunction. The next day,

Coletta appealed that order to this Court. (R.R. at 185-90.) On February 3, 2015, this Court dismissed his appeal for failing to comply with our December 23, 2014 order directing him to file a brief within thirty days. (S.R.R. at 2.)

On February 10, 2015, Coletta filed a motion to dissolve or modify the preliminary injunction. Specifically, Coletta sought an order modifying the trial court's September 2, 2014 order granting the Township's request for emergency modification of the preliminary injunction. Coletta argued that, as modified, the order is overly broad and that it essentially gives the Township full possession of the Property with the capacity to destroy buildings thereon without compensation to Coletta. Coletta also asserted that there is no record evidence establishing that the structure on the Property constitutes an attractive nuisance and that the Township has never pleaded the same. Coletta further alleged that the September 2, 2014 order violated his right to due process under federal and state constitutions. (R.R. at 206-08.)

The trial court denied Coletta's motion and ordered him to pay $100.00 to the Township to compensate for costs expended defending his frivolous motion. Coletta appealed that order to this Court. In its Pa.R.A.P. 1925(a) opinion, the trial court characterized Coletta's arguments as exceedingly weak and frivolous and stated that they were arguments that Coletta should have made on appeal of the September 2, 2014 order. The trial court concluded that the Township established all of the elements necessary to warrant injunctive relief[1] and

---

[1] A party seeking a preliminary injunction must establish all of the following: (1) an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; (2) greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings; (3) a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (4) the activity **(Footnote continued on next page…)**

5

that Coletta set forth no new or changed circumstances that warrant modification or dissolution of the injunction. (R.R. at 226-27.)

On appeal to this Court,[2] Coletta argues that the trial court erred in denying his motion to dissolve or modify the injunction without conducting a hearing. Specifically, Coletta relies on Rule 1531(e) of the Pennsylvania Rules of Civil Procedure (Pa.R.C.P.), which states that "[a]fter a preliminary hearing, the court shall make an order dissolving, continuing or modifying the injunction." Coletta also argues that the trial court erred in denying his motion to dissolve or modify the injunction because no record evidence exists to support the trial court's finding that the dwelling on the Property constitutes an attractive nuisance.

## Discussion

Initially, we note that "[t]he correctness of the trial court's application of a Rule of Civil Procedure raises a pure question of law." *Harrell v. Pecynski*, 11 A.3d 1000, 1003 (Pa. Super. 2011). "This Court exercises *de novo* review that is plenary in scope when reviewing pure questions of law." *Lamar Advantage GP Company, LLC v. City of Pittsburgh*, 67 A.3d 156, 158 n.3 (Pa. Cmwlth. 2013).

---

**(continued…)**

sought to be restrained is actionable, that the right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and (6) a preliminary injunction will not adversely affect the public interest. *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003).

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether findings of fact are supported by substantial evidence. *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1162 n.2 (Pa. Cmwlth. 2013).

6

The fundamental precepts enumerated in Pa.R.C.P. No. 127 govern the interpretation of our Rules of Civil Procedure. When interpreting a Rule of Civil Procedure, the principal objective is to ascertain and effectuate the intention of our Supreme Court. Pa.R.C.P. No. 127(a). If possible, every rule shall be construed to give effect to all its provisions. Pa.R.C.P. No. 127(b). "When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id*. When the words of a rule are not explicit, other matters may be considered to ascertain the Supreme Court's intention, such as the mischief to be remedied and the consequences of a particular interpretation. Pa.R.C.P. No. 127(c).

In relevant part, Rule 1531 states as follows:

(a) A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

. . .

(c) Any party may move at any time to dissolve an injunction.

(d) An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct.

(e) After a preliminary hearing, the court shall make an order dissolving, continuing, or modifying the injunction.

Pa.R.C.P. No. 1531(a), (c)-(e).

7

Generally, injunctive relief is an equitable remedy available only in actions brought in equity. *Barcia v. Fenlon*, 37 A.3d 1, 5-6 (Pa. Cmwlth. 2012). The purpose of a preliminary injunction is to preserve the status quo and prevent imminent and irreparable harm that may occur before the merits of the case can be heard and resolved. *Berger By and Through Berger v. West Jefferson Hill School District*, 669 A.2d 1084, 1085 (Pa. Cmwlth. 1995). Generally, under Rule 1531, an injunction shall be issued only after written notice and a hearing. *See WPNT Inc. v. Secret Communication Inc.*, 661 A.2d 409, 410 (Pa. Super. 1995). However, there is no absolute right to a hearing on a preliminary injunction; it is a matter of discretion for the trial court. *Franklin Decorators, Inc. v. Hende-Jon Furniture Showrooms, Inc.*, 489 A.2d 246, 247 (Pa. Super. 1985). A refusal to grant an evidentiary hearing on a preliminary injunction will only be reversed when it constitutes an abuse of discretion. *Commonwealth v. Schall*, 297 A.2d 190, 191-92 (Pa. Cmwlth. 1972).

A party may move at any time to dissolve an injunction. Pa.R.C.P. No. 1531(c). An injunction may be modified or dissolved upon a showing of changed circumstances that have occurred since the issuance of the injunction. *Whibby v. Department of Corrections*, 820 A.2d 829, 831 (Pa. Cmwlth. 2003). The changed circumstances that may warrant dissolution are a change in the controlling facts on which the injunction rested or a change in the law. *Three Rivers Aluminum Co. v. Brodmerkle*, 547 A.2d 814, 816 (Pa. Cmwlth. 1988). Appellate review of a decision to grant, deny, or continue a preliminary injunction is limited to determining whether there were any apparently reasonable grounds for the trial court's action. *County of Butler v. Local 585, Service Employees International Union, AFL-CIO*, 631 A.2d 1389, 1392 (Pa. Cmwlth. 1993).

8

The Township submits that the trial court's decision is correct and that Coletta misconstrues Rule 1531. The Township argues that: Rule 1531(c) only authorizes motions to dissolve an injunction, it does nothing more; Rules 1531(d) and (e) operate in concert; Rule 1531(d) mandates that an enjoined party have an opportunity to be heard after an ex parte injunction is issued, and Rule 1531(e) enumerates the actions available to the court after that hearing occurs; and Rule 1531(e)'s reference to a "preliminary hearing" relates to the ex parte injunctions contemplated by Rule 1531(d). The Township also argues that, because Coletta presented no new or changed circumstances, there was no practical purpose for the trial court to conduct a hearing on Coletta's motion.

The Township relies on *Greater Nanticoke Area Education Association v. Greater Nanticoke Area School District*, 938 A.2d 1177 (Pa. Cmwlth. 2007), for the proposition that a trial court is not required to conduct a hearing on a motion to dissolve a preliminary injunction. The appellant in *Greater Nanticoke* filed a motion to quash an appeal from an order granting a preliminary injunction on the ground that it was interlocutory. We held that where a trial court exercises its authority under Rule 1531(a) to grant a preliminary injunction, Pa.R.A.P. 311(a)(4) provides the right of an immediate appeal, and therefore, the trial court's cancellation of a later scheduled hearing was not relevant to the finality of the order. Because *Greater Nanticoke* did not address the issue before us, the Township's reliance on that case is misplaced.

Moreover, we conclude that the plain language of Rule 1531 compels a contrary result. Rule 1531(d) specifically provides that an injunction issued without notice shall be dissolved unless a hearing is held within five days of issuance of the injunction. Subsection (d) mandates that a post-issuance hearing

9

must occur to determine the propriety of an ex parte injunction. The consequence of the failure to conduct a hearing illustrates the Supreme Court's clear intent that a hearing is an essential element for the issuance and continuation of an injunction.

This intent is further reflected in the plain text of Rule 1531(e), which provides the options available to the court after a "preliminary hearing" occurs: "After a preliminary hearing, the court shall make an order dissolving, continuing, or modifying the injunction." Pa.R.C.P. No. 1531(e). The language presupposes that an injunction is already in place. However, subsection (e) contains no qualifying language which limits its operation or identifies what variety of injunction is in place. Because subsection (a) does not require a hearing in every case, i.e., when a court determines that irreparable injury would occur before notice could be given or a hearing held, subsection (e) cannot be considered a response to injunctions issued without a hearing under subsection (a). Moreover, subsection (e) contains no cross-reference to subsection (d) indicating that its application is limited only to injunctions issued without notice. Neither does subsection (d) categorize the hearing which must take place before dissolution occurs as a "preliminary hearing." If the intent was that subsection (e) applies only to ex parte injunctions contemplated by subsection (d), there are a number of basic textual tools available to achieve that objective that are notably absent here.[3] Instead, Rule 1531(e)'s plain language indicates that the hearing requirement is not strictly limited to Rule 1531(d) because Rule 1531(e) contains no language that limits its application. An alternative reading imposes an artificial limitation on the

---

[3] For example, Rule 1531(e) could have contained an internal cross-reference to Rule 1531(d). Alternatively, the hearing which must occur after an ex parte injunction is issued pursuant to Rule 1531(d) could be categorized as a "preliminary hearing" rather than a "hearing."

10

rule because it injects language that was omitted. When the text of a rule is clear and unambiguous it may not be disregarded for an alternative reading that is inconsistent with the rule's plain language. Pa.R.C.P. No. 127(b); *see also Evans to Use of Roadway Express, Inc. v. D'Iorio*, 519 A.2d 983, 984 n.2 (Pa. Super. 1987).

In *Ogontz Controls Company v. Pirkle*, 477 A.2d 876 (Pa. Super. 1984), an employer filed a complaint alleging that a former employee violated his employment contract by using confidential information and trade secrets to compete with the employer. Upon the employer's motion, the common pleas court issued an ex parte injunction against the employee and set a date for a hearing on the continuance of the injunction within five days in accordance with Rule 1531(d). At the hearing, the employer presented the testimony of several witnesses and the common pleas court entered an order continuing the preliminary injunction without allowing the employee to present testimony on his own behalf. The employee appealed and argued that the common pleas court's procedure did not constitute a "hearing" as required under Rule 1531(d). The Superior Court determined that the common pleas court's procedure was defective and denied the employee his right to a fair hearing under Rule 1531(d), stating that "allowing a preliminary injunction to stand after a hearing which gave only one party an opportunity to present evidence is error." *Id*. at 879.

Although factually unlike Coletta's circumstance because the hearing at issue in *Ogontz* was the original hearing to determine the propriety of the ex parte injunction under Rule 1531(d), the Superior Court's analysis in *Ogontz* underscores the need for an opportunity to participate in an evidentiary hearing before an injunction may be continued.

11

Although Rule 1531 authorizes any party to move at any time for dissolution of an injunction, an injunction may only be dissolved upon a showing of changed circumstances. *Whibby*, 820 A.2d at 831; *see also Philadelphia Firefighters' Union, Local 22, International Association of Firefighters, AFL-CIO v. City of Philadelphia*, 901 A.2d 560, 570 (Pa. Cmwlth. 2006) ("[a] party seeking dissolution of a[] preliminary injunction must demonstrate that circumstances have changed since the issuance of the injunction."). Our Supreme Court has stated that a court may dissolve or modify an injunction if: (1) the law, common or statutory, has changed, been modified or extended; (2) there is a change in the controlling facts on which the injunction rested; or, (3) in its judicially exercised discretion, it believes the ends of justice would be served by a modification. *Ladner v. Siegel*, 148 A. 699, 702 (Pa. 1930).

A motion to dissolve must assert that the controlling facts underlying the injunction or the law have changed since the injunction was issued, and therefore, the injunction is improper. *Three Rivers Aluminum Co*., 547 A.2d at 816. The denial of a motion to dissolve without a hearing is, in effect, authorization to continue the injunction on the basis of evidence presented at the original hearing. The failure to allow a party to present evidence at a hearing establishing that changed circumstances exist which warrant dissolution is analogous to preventing a party from presenting evidence regarding the propriety of the injunction at the original hearing.

Here, however, Coletta does not allege changed circumstances, but rather challenges the trial court's September 2, 2014 order granting the Township's emergency motion. Specifically, in his latest motion to modify the injunction, Coletta asserts that the September 2, 2014 order is overly broad and unsupported

12

by the record. Coletta does not identify a change in the controlling facts on which the injunction rests, nor does he point to any change in the law that warrants dissolution or modification of the injunction. The circumstances Coletta complains of were set forth in the trial court's previous order; they do not constitute changed circumstances which occurred subsequent to the issuance of the injunction as required to support a modification or dissolution of the injunction. Coletta's pleading contains no actionable allegations that require development or resolution at a hearing; Coletta offered no legal basis for dissolution or modification. A hearing on Coletta's motion would be an exercise in futility because Coletta failed to allege any changed circumstances to invoke the court's authority to modify or dissolve the preliminary injunction. *See County of Butler*, 631 A.2d at 1392 (holding that the appellant failed to meets its burden of showing entitlement to dissolution of a preliminary injunction because the appellant did not allege any change of circumstances that occurred subsequent to the issuance of the preliminary injunction). Moreover, unlike the movant in *Whibby*, Coletta failed to allege any change in the statutory law governing the subject matter of the injunction.

This Court's unreported decision in *Commonwealth ex rel. Corbett v. Hasan* (Pa. Cmwlth., Nos. 150-51 C.D. 2012, filed May 2, 2013), is instructive. In *Hasan*, the common pleas court permanently enjoined appellant from violating the Unfair Trade Practices and Consumer Protection Law[4] and entered a final decree ordering the appellant to forfeit his right to do business in Pennsylvania until he paid full restitution, refunds, and civil penalties. Approximately nine months after the final decree was entered, appellant filed a petition to modify the injunction

---

[4] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1-201-9.3.

13

regarding the forfeiture of his right to do business in Pennsylvania, arguing that justice would be served if the injunction was modified. The common pleas court denied the appellant's petition to modify the injunction without a hearing. On appeal, this Court stated that the common pleas court's decision was proper because the appellant did not allege any changed circumstances that occurred after the issuance of the injunction which warrant modification. Instead, the appellant challenged the legality of the underlying injunction itself. We concluded that the appellant had waived his right to make that argument because he took no action until nine months after the final decree was issued and his motion was "nothing more than a belated attack on the underlying validity or propriety" of the common pleas court's order issuing the injunction. Slip op. at 4. We held that there was no basis for a hearing because "it was apparent from the face of the motion that the relief requested was inappropriate . . . ." Slip op. at 5.

As *Schall* advises, a trial court's determination to refuse to conduct an evidentiary hearing for purposes of a preliminary injunction will be reversed only when no valid reason for refusal exists. 297 A.2d at 191-92. Here, Coletta failed to allege a necessary prerequisite to the relief he requested, i.e., changed circumstances that occurred subsequent to the issuance of the injunction, which constitutes a valid reason for the trial court's refusal to hold a hearing.

Additionally, we note that Coletta's own conduct contributed to his complained of circumstances. Coletta's appeal from the original issuance of injunction was dismissed because Coletta failed to pay the filing fee. (R.R. at 114-15.) Next, Coletta failed to file an answer to the Township's emergency motion to modify the injunction to allow it to access and make changes to the Property. Similarly, Coletta's appeal from the September 2, 2014 granting the Township's

14

emergency motion to modify the injunction was dismissed for his failure to timely file a brief. (S.R.R. at 2.)

Moreover, contrary to Coletta's suggestion, he was not deprived of his property without a hearing on the propriety of the dispossession in violation of his constitutional rights. As evidenced by the instant action, he can appeal the trial court's determination to this Court for a constitutionally adequate hearing on the alleged property dispossession. In addition, this Court has held that a preliminary injunction "concludes no rights and is a final adjudication of nothing." *City of Philadelphia*, 901 A.2d at 565. Furthermore, "separate and distinct standards govern a request for preliminary injunction and a request for a permanent injunction." *City of Chester v. Chester Redevelopment Authority*, 686 A.2d 30, 35 (Pa. Cmwlth. 1996). "[I]t is inappropriate for a court to treat a preliminary injunction hearing as a final injunction proceeding without providing a full hearing." *Id*. Consequently, Coletta would have an opportunity to dispute the alleged unlawful dispossession of his property at a full hearing before the injunction is made final.

Therefore, we conclude that the default procedure under Rule 1531 is for the trial court to conduct a hearing when a party moves to dissolve or modify the existing injunction. However, where, as here, the movant fails to allege a necessary prerequisite to dissolution, i.e., a change in the facts underlying the injunction or a change in the law, the trial court has not *per se* committed an abuse of discretion and a hearing is not automatically required. A trial court's decision to refuse to conduct a hearing will be reversed where there is no valid reason for the trial court's determination, i.e., when an abuse of discretion occurs. *Schall*, 297 A.2d at 191-92.

15

## Conclusion

A reading of Rule 1531 that requires a hearing on a motion to dissolve an injunction under subsection (c) is consistent with the rule's plain language. The Township's reading promotes a procedure that forecloses the opportunity to dispute the propriety of continuing an injunction because it bars a movant from presenting evidence challenging an injunction at a hearing. Therefore, we conclude that Rule 1531(e) requires that a hearing occur when a party moves to dissolve an injunction under Rule 1531(c) and alleges a sufficient change in the controlling facts underlying the injunction or a change in the law. Here, however, the trial court's refusal to conduct a hearing on Coletta's motion to dissolve the injunction did not constitute an abuse of discretion because Coletta failed to allege any changed circumstances.

Accordingly, the trial court's decision to deny Coletta's motion to modify or dissolve the preliminary injunction is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nether Providence Township    :
                           :   No. 552 C.D. 2015
             v.               :
                           :
David Coletta,               :
            Appellant    :

## *<u>ORDER</u>*

AND NOW, this 5th day of January, 2016, the March 6, 2015 order of the Court of Common Pleas of Delaware County is affirmed.

 

_____
PATRICIA A. McCULLOUGH, Judge