J-S18046-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF MARJORIE C. SCHNELLER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JAMES D. SCHNELLER | No. 1987 EDA 2016 |

Appeal from the Order Entered May 25, 2016
In the Court of Common Pleas of Chester County
Orphans' Court at No(s):  File No. 1502-0612

BEFORE: PANELLA, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED JULY 12, 2017**

Appellant, James D. Schneller, appeals *pro se* from the order entered in the Chester County Court of Common Pleas denying exceptions to the order denying his "motion to dissolve the preliminary injunction entered on June 10, 2009."[1]  Appellant contends that the orphans' court improperly directed the orphans' court clerk to refuse his filings attempting to reopen the Estate of Marjorie C. Schneller ("Estate").  We dismiss the appeal.

For the purposes of the present appeal, we note that proceedings on the Estate commenced in the orphans' court on April 19, 2002.  The docket indicates that a status report indicating "administration complete" was filed on February 4, 2005.  During that time, Appellant, acting *pro se*, raised

---

* Former Justice specially assigned to the Superior Court.

[1] The trial court entered the identical order in ***Estate of George H. Schneller***.  Appellant's appeal from that order is also before this panel.  ***See Estate of George H. Schneller***, 1981 EDA 2016.

numerous objections to the administration of the Estate and sought leave to file civil actions on behalf of executrix, Marjorie Zitomer ("Zitomer"). Appellant notes that:

> [a] lengthy litigation was for a large portion the result of [Appellant's] competent challenge to improper and unlawful administration of the trust estates, which inflicted heavily on [Appellant's] and the trustors[′] rights, claiming serious violations of the intent of the trustors and the law. Appeals occurred.
>
> ***
>
> . . . Appellant has, since before the two year limit of time after the deaths, litigated, *pro se*, certain intentional tort actions in Southeastern Pennsylvania courts regarding the medical treatment and lack thereof to the settlors, to whom [A]ppellant was, without doubt, caregiver and trusted provider in residence.[2]

Appellant's Brief at 8, 9.

According to Appellant, he filed a *pro se* application for appointment of an administrator, as well as an application to proceed *in forma pauperis*. The orphans' court docket, however, reveals that only an application to proceed *in forma pauperis* was filed. On June 10, 2009, the orphans' court entered the following order:

> AND NOW, this 10th day of June, 2009, [Appellant's] *pro se* Application to Proceed *in Forma Pauperis* filed June 4, 2009 is DENIED.
>
> The administration was completed in both estates per the Status Reports filed in each Estate on February 4, 2005,

---

[2] According to Appellant, his parents died "five months apart in 2001 and 2002." Appellant's Brief at 8.

- 2 -

and the Clerk of the Orphans' Court is directed to refuse all further petitions or pleadings that attempt to re-open either estate.

Order, 6/10/09.[3]  On July 9, 2009, Appellant filed a notice of appeal to this Court from the order dated June 10, 2009.  That appeal was docketed at 2123 EDA 2009.

Meanwhile, Appellant filed a petition for review.  The orphans' court issued an order on April 8, 2010, filed April 9, 2010, which provided:

> AND NOW this 8th day of April, 2010, James D. Schneller's Petition for review is Dismissed, in conformity with the June 10, 2009, Order . . .  as the instant petition seeks to relitigate and/or reopen the referenced estate.[fn1]
>
> [fn1] I further note that [Appellant] filed an appeal at Superior Court docket 2123 EDA 2009, the entire record of this case is with the Superior Court.  We are divested of jurisdiction.

Order, 4/8/10.

On June 7, 2010, in 2123 EDA 2009, this Court affirmed the June 10, 2009 order of the orphans' court.[4]  This Court opined:

> The administration of the estates of Marjorie C. and George Schneller, Appellant['s] parents, were completed *per* status reports filed on February 4, 2005.  (Order, 6/10/09).  On June 4, 2009, Appellant filed under the docket numbers of each estate a *pro se* application to proceed *in forma pauperis*.  Although the applications

---

[3] We note that the trial court issued the order directing the orphans' court clerk to refuse Appellant's petitions or pleadings that attempt to reopen the estates before the promulgation of Pa.R.C.P. 233.1.  **See** *infra* at n.8.

[4] Appellant filed a petition for reargument on June 21, 2010.  This Court denied the petition on August 12, 2010.

- 3 -

alluded to a petition for his appointment as administrator, no such petition was attached, included in the record, or entered on the docket.  On June 10, 2009, the trial court entered the instant order in Marjorie's estate:[fn1]  (1) denying the application to proceed *in forma pauperis*; and (2) directing the clerk of the Orphans' Court "to refuse all further petitions or pleadings that attempt to re-open either estate."  (***Id.***).

A petition to proceed *in forma pauperis* "may not be filed prior to the commencement of an action."  Pa.R.C.P. 240(c).  Because there is no active litigation in the Estate of Marjorie C. Schneller, we AFFIRM the court's order denying the petition, as it was improperly filed.  ***See id.***

[fn1] Although Appellant attempted to file petitions to proceed *in forma pauperis* under both parents' estates, he took an appeal only from the order entered under his mother's estate, citing "the size of the fee for appeal" and requesting this Court to extend review to the order entered in his father's estate.  We decline to do so.

***Estate of Marjorie C. Schneller***, 2123 EDA 2009 (unpublished memorandum at 1-2) (Pa. Super. June 7, 2010).

On November 22, 2010, Appellant filed a motion for entry of judgment and for correction of the record.  On December 1, 2010, the orphans' court entered the following order:

AND NOW, this 1st day of December 2010, upon consideration of the Motion for Entry of Judgment and Correction of the Record, it is hereby Ordered that:

1. This [c]ourt's [o]rder dated April 8, 2010 (filed April 9, 2010) is hereby reaffirmed as though originally entered this date.

2. The [c]ourt declines to issue a direction to the Clerk of the Orphans' Court to enter the alleged "Petition for

> Appointment of Administrator . . . filed on or about June 3, 2009 [sic]".

Order, 12/1/10 (footnote omitted).

On December 30, 2010, Appellant filed a notice of appeal from the orders entered on June 10, 2009, April 9, 2010, and December 1, 2010. That appeal was docketed at 326 EDA 2011. On February 9, 2011, the orphans' court requested that the appeal of all the referenced orders should be dismissed, asserting:

> [Appellant] appeals to the Superior Court from this court's order of December 1, 2010.[fn1]
>
> *   *   *
>
> [Appellant] appealed from the orders entered December 1, 2010, April 9, 2010 and June 10, 2009.[fn2] The June 7, 2010 Superior Court Order affirmed Judge Ott's June 10, 2009 Order. Thus, a further appeal of that Order is precluded by *res judicata*. *Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.
>
> > [fn1] [Appellant] also appeals from the orders dated April 9, 2010 and June 10, 2009.
> >
> > [fn2] [Appellant] filed the instant appeal in the Estate of Marjorie C. Schneller only. He did not file an appeal in the Estate of George Schneller.

Orphans' Ct. Op., 2/9/11, at 1-2 (citation omitted). On March 30, 2011, Zitomer, the executrix of the Estate, filed in this Court a counseled motion to quash the appeal asserting that (1) Appellant was relitigating a claim regarding the filing of his petition for appointment of administrator that was

- 5 -

decided in 2123 EDA 2009, and (2) Appellant's Rule 1925(b) statement was defective. Zitomer's Motion to Quash Appeal, 3/30/11. On May 11, 2011, in a *per curiam* order, this Court summarily granted "the motion to quash." Order, 326 EDA 2011, 5/11/11.

On October 11, 2012, Appellant filed a petition for writ of mandamus requesting an order to compel the clerk of the court to accept Appellant's application for a rehearing regarding his parent's estate. *See Schneller v. Clerk of Orphans' Court of Chester Cnty.*, 1901 C.D. 2014, 2015 WL 5457711 at *1 (Pa. Cmwlth. Aug. 5, 2015) (unpublished memorandum). The trial court granted the orphans' court motion for summary judgment and dismissed Appellant's petition in light of the June 10, 2009 order. *Id.* Appellant took an appeal, and the Commonwealth Court affirmed the trial court's order concluding:

> Here, the trial court issued the June 10, 2009, order prohibiting the Orphans' Court from accepting further filings. The Superior Court affirmed the June 10, 2009, order. Because the estates have been closed since 2005, and the trial court has ordered they not be re-opened, the trial court properly granted the Orphans' Court's motion for summary judgment.

*Id.* at *2.

On March 22, 2016, Appellant filed the instant motion averring that "[t]he June 10, 2009, order directing the Clerk of the Orphans court to 'refuse all further petitions or pleadings that attempt to re-open either estate' is a permanent injunction, and holds most if not all of the traits of

preliminary injunction or special injunction." Motion of Beneficiary James Schneller to Dissolve Injunction, 3/22/16, at 3. On April 19, 2016, the orphans' court denied the motion.[5] On May 6, 2016, Appellant filed exceptions to the April 19th order, which the court denied on May 25, 2016.[6] This appeal followed.[7]

Appellant raises the following issue for our review:

> Has the trial court, in the decision to deny motion to dissolve injunction and to deny exceptions to that denial, shown legal error, partiality, pre-judgment, abuse of discretion, unreasonable and inaccurate application of law, and failure to make factual findings supported by competent evidence, at a level requiring reversal by the court?

Appellant's Brief at 7.

Appellant argues that the orphans' court erred in denying his motion to dissolve the filing injunction. He contends that the injunction failed to meet

---

[5] The court, noting that the administration of the estates was completed on February 4, 2005, found that Appellant's "present motion to dissolve 'Injunction' is another attempt to relitigate or reopen the estates." Order, 4/19/16, at 1 n.1. In the alternative, the court concluded that Appellant failed to establish extraordinary circumstances for reopening the estates. **Id.**

[6] **See** Pa.O.Ct.R. 7.1 (rescinded effective Sept. 1, 2016). In the case *sub judice*, former Rule 7.1 applied and provided, *inter alia*, if exceptions are filed, no appeal shall be filed until the disposition of exceptions. If the exceptions are not decided within 120 days, they are denied by operation of law and the appeal period begins to run on the 121st day. **See** Rule 7.1(f). Effective September 1, 2016, the Orphans' Court rules were amended and the filing of exceptions is no longer permitted. **See** Pa.O.Ct.R. 8.2.

[7] The orphans' court did not direct Appellant to submit a Pa.R.A.P. 1925(b) statement.

the standards for the issuance of an injunction under Pa.R.C.P. 1532 and was issued without the required procedural safeguards of a hearing and opportunity to respond. *Id.* at 17, 19. Appellant thus insists that the orphans' court erred in failing to docket the alleged petition for appointment as administrator and denying his petition to proceed *in forma pauperis*. Appellant has also filed in this Court a petition for mandamus requesting, *inter alia*, that we direct the clerk of the orphans' court to accept his various filings and require the orphans' court to conduct additional fact-finding regarding the status of the Estate. We dismiss the instant appeal and deny the application for mandamus.

Preliminarily, we note:

> [T]he law of the case doctrine, [is] a series of rules that embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.

*In re Estate of Mumma*, 125 A.3d 1205, 1214 (Pa. Super. 2015) (citation, quotation marks and emphasis omitted), *appeal denied*, 145 A.3d 727 (Pa. 2016). Moreover, this Court has recognized a court's authority to enjoin relitigation of an issue that "has repeatedly been raised" when "necessary and appropriate." *See Menna v. St. Agnes Medical Ctr.*, 690 A.2d 299,

305 (Pa. Super. 1997) (applying 42 Pa.C.S. § 542); **see also** 42 Pa.C.S. § 323.[8]

In the present case, we have jurisdiction over this appeal. **See** Pa.R.A.P. 311(a)(4) (permitting interlocutory appeal as of right from "[a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction") Pa.R.C.P. 1531(c) (stating "[a]ny party may move at any time to dissolve an injunction."); **see also** Pa.R.A.P. 903(a) (establishing general rule that "the

---

[8] In **Menna**, this Court pithily characterized the underlying litigation as follows:

> If at first you don't succeed, sue, sue again. This, apparently, is appellant's adopted mantra . . . . While the zealous protection of one's rights is to be admired, there comes a time when one's zealous advocacy can better be described as vexatious, malicious and frivolous.

**Menna**, 690 A.2d at 301.

Although not applicable in the present case, we note that the Pennsylvania Supreme Court in 2010 adopted Pa.R.C.P. 233.1, explaining:

> It has come to the attention of the Supreme Court that certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings. New Rule 233.1 provides relief to a defendant who has been subjected to this type of repetitive litigation. While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a *pro se* party.

Pa.R.C.P. 233.1 cmt.

notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken). Nevertheless, it is apparent that Appellant is attempting to relitigate whether his petition for appointment of administrator was filed in 2009 and whether he is entitled to proceed *in forma pauperis* in his attempts to reopen the Estate. It is further apparent that in so doing, Appellant seeks to resuscitate his various claims regarding the administration of the Estate, as well as his ancillary attempts to gain standing to sue on behalf of the Estate.

Under the circumstances of this case, we conclude that Appellant's present appeal, does not merit further consideration under the doctrine of the law of the case. Appellant's motion to dissolve an injunction cannot be used to revive matters that should have been raised in appeals from prior orders or which have been previously litigated. *Cf. Nether Providence Twp. v. Coletta*, 133 A.3d 86, 91-92 (Pa. Cmwlth. 2016) (noting "[a]n injunction may be modified or dissolved upon a showing of changed circumstances that have occurred since the issuance of the injunction[, such as] a change in the controlling facts on which the injunction rested or a change in the law." (citations omitted)). The Estate has been closed, and Appellant's appeals from that matter have been denied. The June 10, 2009 order, which Appellant is presently litigating, has been affirmed by this Court. Appellant's collateral challenge to the June 10, 2009 order by petition

for writ of mandamus has been denied. In short, we discern no basis to revisit these decisions and dismiss this appeal.

Appeal dismissed. Application for mandamus denied.

Judge Solano did not participate in the consideration or decision of this case.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2017