Nether Providence Township    :
    :   No.  855 C.D. 2017
          v.    :
    :   Submitted:  March 6, 2018
David Coletta, Individually The    :
Scorpio Trust and David Coletta    :
and Daniel A. Pallen, Esquire,    :
as Co-Trustees of The Scorpio Trust,    :
          Appellants    :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED:  April 2, 2018


       David Coletta, individually, The Scorpio Trust, and David Coletta and Daniel A. Pallen, Esquire, as Co-Trustees of The Scorpio Trust (individually and/or collectively, Appellants) appeal from the May 25, 2017 order of the Court of Common Pleas of Delaware County (trial court), granting the motion to enforce settlement filed by Nether Providence Township (Township).  We affirm.


### Background

       Having been here once before, *see Nether Providence Township v. Coletta*, 133 A.3d 86 (Pa. Cmwlth. 2016), this case represents a longstanding dispute regarding real and improved property located at 316 South Providence Road,

Wallingford, Pennsylvania (the Property), which was formerly owned by Appellant Coletta and is currently owned by Appellants.

It all began in October 2010, when a tree landed on a house situated on the Property, rendering the house structurally unsound and unsafe for habitation. The Township condemned the Property and directed Appellants to abate the dangerous conditions with respect to the dwelling. Appellants did not do so. Instead, in March 2011, Appellants received and assembled a modular home, attached utilities, and moved into it with three minor children without the requisite permits or an occupancy certificate. The Township then issued Appellants numerous citations, and Appellants were found guilty by a magisterial district judge. *Coletta*, 133 A.3d at 88-89.

Appellants appealed to the trial court, and the parties subsequently entered into a stipulated agreement concerning the Property. After Appellants failed to comply with the terms and conditions, the Township filed a complaint, alleging that Appellants were still residing in the modular home without an occupancy certificate and failed to repair the dwelling in violation of the Township's codes. In its complaint, the Township requested injunctive relief, seeking to enjoin Appellants from occupying the modular home until they obtain an occupancy certificate, and from using the Property until they repair the damage to the dwelling. *Id.*

After convening a hearing, by order dated June 27, 2012, the trial court granted the Township a preliminary injunction, directing Appellants to vacate the Property immediately and enjoining them from using, occupying, or living at the Property. A series of motions to temporarily modify the preliminary injunction soon followed, and the trial court permitted Appellants to access the Property to retrieve personal belongings and conduct an insurance appraisal and inspection, and allowed the Township to remove an unauthorized dumpster from the Property. *Id.* at 89.

2

On August 7, 2014, the Township filed an emergency motion for modification of the preliminary injunction, which the trial court granted by order dated September 2, 2014. In this order, the trial court authorized the Township to perform grass cutting and weed removal, inspect the damaged structure, and take such action as may be necessary to remedy the existing nuisance and prevent a nuisance from arising in the future. On February 10, 2015, Appellants filed a motion to dissolve or modify the preliminary injunction as modified by the trial court's September 2, 2014 order. Appellants argued that the preliminary injunction, as it then stood, was overly broad in that it essentially gave the Township full possession of the Property with the capacity to destroy buildings thereon without compensation. Appellants further asserted that the record lacked evidence demonstrating that the structure on the Property constituted a nuisance and argued that the September 2, 2014 order violated due process. *Id.* at 89-90.

On March 6, 2015, the trial court denied Appellants' motion to dissolve or modify the preliminary injunction. The trial court determined that the Township established all of the elements necessary to warrant injunctive relief and that Appellants did not set forth any new or changed circumstances to justify modification or dissolution of the injunction. Appellants then appealed to this Court, and we affirmed on January 5, 2016. *Id.* at 90-96.

With the case back before the trial court, the Township filed a Petition for Demolition of Structures on August 18, 2016. The Township alleged that on May 10, 2016, the Township Engineer inspected the Property and found that several areas of the dwelling were inaccessible due to unsafe conditions and the structure was deteriorated to such an extent that it was unreasonable to repair. (Trial court op. at 8.)

The trial court held a status conference with counsel and the case was listed for trial. However, on the eve of trial, the parties agreed to resolve the legal

3

issues in this matter and placed the essential terms of the settlement on the record in open court on April 24, 2017, subject only to the approval of the Township's Board of Commissioners (Commissioners). (Trial court op. at 9; Reproduced Record (R.R.) at 243a-46a.)

On May 19, 2017, the Township filed an Emergency Motion to Enforce Settlement, alleging that the Commissioners agreed to and approved the terms of the settlement, and that Appellants refused to stipulate to the terms of the agreement unless the preliminary injunction was dissolved in its entirety. The trial court held a hearing on May 24, 2017. (Trial court op. at 11; R.R. at 261a-66a; 298a-346a.)

The day after the hearing, the trial court issued an order granting the Township's motion. The trial court found that on April 24, 2017, the Township and Appellants entered into a valid settlement agreement, reaching mutual consent with respect to the material and necessary terms, and the Commissioners later approved the agreement. (R.R. at 348a-52a.) The trial court memorialized the settlement in its May 25, 2017 order as follows:

> 1.    [Appellants] shall remove the modular structure on the [Property] on or by July 3, 2017, which removal shall include removal of the modular structure and proper disconnection of all utilities;
>
> 2.    If [Appellants] do not remove the modular structure by July 3, 2017, upon application to and approval by this Court, [the Township] shall have the right to enter the [Property] to either demolish or remove the modular structure and properly disconnect all utilities;
>
> 3.    Within thirty (30) days of this Order, [Appellants] shall apply to [the Township] for a permit to either demolish or repair and rehabilitate the original dwelling structure located upon the [Property];
>
> 4.    Whether proceeding to demolish or repair and rehabilitate the original dwelling structure, [Appellants] must

4

comply with all applicable codes, statutes, and municipal requirements;

5. If the permit is for demolition, [Appellants] must complete the demolition within thirty (30) days of the permit date;

6. If the permit is for repair and rehabilitation, [Appellants] must substantially complete the repair and rehabilitation as evidenced by the issuance of a Certificate of Occupancy within one hundred and twenty (120) days of the permit date;

7. If [Appellants] fail to meet either of the deadlines described in paragraphs 5 or 6 hereof, upon application to and approval by this Court, [the Township] shall have the right to demolish the original dwelling structure;

8. The preliminary injunction entered on June 27, 2012, is dissolved except [Appellants] shall remain enjoined from occupancy and habitation of the [Property] until [the Township] issues a Use and Occupancy Certificate . . . or further Order of this Court;

9. [Appellants] and authorized agents may enter the land and [Property] for any and all purposes consistent with this Order of Court including but not limited to the following:

i. Purposes consistent with the removal of the modular structure (¶2 above);

ii. Purposes consistent with [Appellants'] decision to demolish or repair and rehabilitate the original dwelling structure (¶3 above);

iii. Purposes consistent with the actual demolition of the original dwelling structure (¶2 above); and/or

iv. Purposes consistent with the actual rehabilitation of the original dwelling structure (¶3 above).

10. This Order is binding upon any and all successors in interest to, agents of, and all others attempting to occupy or habitate upon the [Property] through [Appellants].

5

> 11. In order to assure public safety, [the Township] shall deliver a certified copy of this Order to both the . . . Police Department and the Office of the Sheriff of Delaware County, Pennsylvania.

(R.R. at 353a-56a.)

Appellants filed a notice of appeal, and the trial court ordered them to file a statement of errors complained of on appeal. In their statement, Appellants contended that the trial court erred in granting the Township's motion because "[t]he so-called 'settlement agreement' is actually a consent decree." (R.R. at 361a.) Appellants also argued that the trial court abused its discretion by "referring [to] the agreement reached by the parties to this action [as] a settlement agreement, where both sides conceded that the agreement was not a full and final settlement and release of any claims, past, present, and future." (R.R. at 361a.)

In its subsequent opinion, the trial court found that Appellants' first issue was waived because they failed to raise it in their briefs, at the hearing, or at any time prior to filing their statement of errors complained of on appeal. With respect to the second issue, the trial court generally determined that the agreement sufficiently resolved the matter. The trial court explained:

> [T]he record reflects the parties agreed as follows: "The parties agree that the preliminary injunction shall be modified to allow [Appellants] to enter the property for preparation for removal of the modular structure and inspection of the original structure . . . ." (04/24/17, [Notes of Testimony] [(N.T.)] pp. 76 & 79.) Appellants' counsel addressed the injunction and agreed that [they] would need to enter the property to inspect the brick structure and prepare for the removal of the modular structure. (04/24/17, N.T. p. 78.) The entire agreement was premised on [Appellants] removing the modular home and either demolishing or rehabilitating the dwelling premises while complying with applicable Township codes, statutes and other municipal requirements. (04/24/17, N.T. p. 75.)

6

> Appellants' counsel agreed the compromise would be binding on [Appellant] Coletta, the trust, and the co-trustees. (04/24/17, N.T. p. 78.) [Appellant] Coletta himself confirmed his agreement with the resolution on the record. (04/24/17, N.T. p. 81). Finally, prior to closing the record, the trial court on at least two occasions inquired of all counsel and parties whether there were any additional terms, conditions or issues that should be placed on the record and both counsel acknowledged that the terms of the resolution had been adequately addressed. (04/24/17, N.T. pp. 83 & 85). It is clear that on April 24, 2017, the parties agreed upon the material and necessary details of the bargain, thereby making the nature and extent of their mutual obligations certain.

(Trial court op. at 19-20.)

## Discussion

On appeal to this Court, Appellants contend that the trial court erred in enforcing the settlement because it is not a "settlement agreement," but actually a "consent order." (Appellants' brief at 19.) Appellants argue that what the parties agreed upon "did not end the case;" the Township admitted that the agreement "was not [a] release of liability;" and that, for contractual consideration, the Township agreed only not to pursue demolition. *Id.* at 19-20.

The issues posed by Appellants implicate a pure question of law, over which our standard of review is *de novo* and our scope of our review is plenary. *See Ragnar Benson, Inc. v. Hempfield Township Municipal Authority*, 916 A.2d 1183, 1188 (Pa. Super. 2007).

"A settlement agreement encompasses the compromise of a pending legal claim," *Oakmont Presbyterian Home v. Department of Public Welfare*, 633 A.2d 1315, 1320 (Pa. Cmwlth. 1993), and being "a valid contract," *Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510, 518 (Pa. Super. 2009), its enforceability "is determined

7

according to principles of contract law." *Ragnar Benson*, 916 A.2d at 1188. Assuming the elements necessary to form a contract have occurred, a settlement agreement is binding on the parties like any other contract. *See Mastroni-Mucker*, 976 A.2d at 522-23. "Judicial policy favors the settlement of lawsuits and in the absence of fraud and mistake the courts will enforce an agreement to settle a legal dispute." *Miller v. Clay Township*, 555 A.2d 972, 973 (Pa. Cmwlth. 1989); *see also Sofronski v. Civil Service Commission*, 695 A.2d 921, 926 (Pa. Cmwlth. 1997).

Similarly, a consent order or decree "is merely an agreement between the parties—a contract binding the parties thereto to the terms thereof." *Universal Builders Supply, Inc. v. Shaler Highlands Corp.*, 175 A.2d 58, 61 (Pa. 1961). Because a consent decree derives its efficacy from the agreement of the parties and the approval of the trial court, the decree or order binds "the parties with the same force and effect as if a final decree had been rendered after a full hearing upon the merits." *Commonwealth v. Rozman*, 309 A.2d 197, 200 (Pa. Cmwlth. 1973). "As a contract, the court, in the absence of fraud, accident or mistake, ha[s] neither the power nor the authority to modify or vary the terms set forth" in the consent order or decree. *Universal Builders*, 175 A.2d at 61; *see also Pennsylvania Human Relations Commission v. Graybill*, 393 A.2d 420, 422 (Pa. 1978).

From this law, it is evident that there is broad overlap between a settlement agreement and a consent decree/order. Importantly, both are contractual in nature; however, neither can be vacated except in narrow, specific circumstances such as fraud or mistake.

Here, upon our review of the record, the Court can easily confirm that the parties manifested mutual assent to the material terms of a settlement regarding the Township's equitable claim against the Property. (R.R. at 296a-36a.) In fact, Appellants readily concede that an agreement exists between them and the Township.

8

However, Appellants have not alleged that there has been fraud, accident, mistake, or some other contractual basis upon which to conclude that the agreement is not enforceable or lacks definitive terms. *See Miller*, 555 A.2d at 974. As such, regardless of how the agreement is technically labeled or characterized, as either a settlement agreement or a consent order/decree, Appellants have not advanced any reason to set it aside or otherwise question its validity.

Rather than challenge the enforceability of the agreement, Appellants essentially seek legal advice regarding the scope or nature of the agreement and its potential *res judicata* effect for purposes of a subsequent lawsuit. In their briefs, Appellants say that they "do not want any future court to find that they have settled any claims arising out of the property disputed." (Appellants' brief at 20.) But absent a pending civil claim and an assertion that that claim is barred by the agreement, Appellants have no legal right to a gratuitous pronouncement by this Court concerning the breadth and/or legal consequences of the settlement.

Indeed, all of the arguments that Appellants raise are inexorably related to the potential impact or scope of the agreement in terms of its release of—or effect on—the parties' potential claims and liability. Underneath it all, Appellants' contentions are predicated on prospective events and contingencies, implicating a legal claim that is not yet and may never be filed, or a legal right in a context that may never actually ripen or be known. In essence, Appellants request the Court to issue an advisory opinion, determining how the agreement will (or should) be interpreted by the courts in an unknown future action. This, we simply cannot and will not do. *See Crystal Lake Camps v. Alford*, 923 A.2d 482, 489 (Pa. Super. 2007) (declining to address an issue that was posed as a hypothetical question dependent on a non-existent set of future circumstances because "this Court cannot and will not issue an advisory opinion.").

For present purposes, if there is any notable distinction between a settlement agreement and a consent order, *see Myers v. Richland County*, 288 F. Supp. 2d 1013, 1016 n.1 (D.N.D. 2003), it is that the former is formally enforced through a separate contract action while the latter may be vindicated through civil contempt. *See Cecil Township v. Klements*, 821 A.2d 670, 674-75 (Pa. Cmwlth. 2003); *Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 993-94 (8th Cir. 2003). However, there is no parallel proceeding of record for us to determine whether the agreement permits, bars, or somehow limits the proceeding or the claims/defenses asserted therein. The net result is that the issues Appellants raise in the current appeal are not ripe for review, and the rule prohibiting this Court from issuing an advisory opinion applies here with full force.

Accordingly, having determined that Appellants' arguments are premature, and that they have not provided a basis upon which to upset or set aside the agreement, we affirm the trial court's order granting the motion to enforce the agreement that the parties had made on the record before the trial court.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Fizzano did not participate in this decision.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nether Providence Township     :
                                :   No. 855 C.D. 2017
                 v.                :
                                :
David Coletta, Individually The     :
Scorpio Trust and David Coletta     :
and Daniel A. Pallen, Esquire,     :
as Co-Trustees of The Scorpio Trust,  :
             Appellants      :

## ***ORDER***

AND NOW, this 2nd day of April, 2018, the May 25, 2017 order of the Court of Common Pleas of Delaware County is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge